```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF TEXAS
            DALLAS DIVISION

PAUL E. ROSS,                    §
                                 §
            Plaintiff,           §
                                 § Civil Action No. 3:08-CV-1156-D
VS.                              §
                                 §
CITY OF LANCASTER, TEXAS,        §
et al.,                          §
                                 §
            Defendants.          §
```

MEMORANDUM OPINION
AND ORDER

In this removed action, the court concludes that the removal was procedurally defective because both defendants did not join the notice of removal. But because the court has subject matter jurisdiction, the defect in removal is procedural, and plaintiff did not move to remand the case within the time prescribed by 28 U.S.C. § 1447(c), the court will exercise jurisdiction and will not remand the case.

I

Plaintiff Paul E. Ross ("Ross") sued defendants City of Lancaster ("the City") and Texas-Sterling Construction, Inc. ("Texas-Sterling") in county court. The City filed a notice of removal on July 8, 2008. Texas-Sterling did not join the notice. In response, the court issued an order directing the City to establish adequate grounds for filing the notice of removal without the joinder of Texas-Sterling. In its response, the City maintains that Texas-Sterling's joinder was not required because (1) Ross's

claims against the City are separate and independent from his claims against Texas-Sterling, and (2) Ross and Texas-Sterling have reached a settlement agreement.

II

The court concludes that neither of these grounds is valid to excuse Texas-Sterling from joining the notice of removal, and it holds that the removal is procedurally defective because both defendants did not join in the removal.

To remove a case involving multiple defendants, 28 U.S.C. § 1446(a) requires that all defendants properly joined and served join in the notice of removal. *See Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988). The failure of all defendants to join the notice of removal renders it defective. *See id.* The City correctly points out that there is an exception to the unanimity rule when a defendant's notice of removal is premised on removable claims that are "separate and independent" from nonremovable claims asserted against the other defendants. *See Henry v. Indep. Am. Sav. Ass'n*, 857 F.2d 995, 999 (5th Cir. 1988) ("Although failure of all defendants to join is usually a bar to removal, if one defendant's removal [notice] is premised on removable claims 'separate and independent' from the claims brought against other defendants, consent of the other defendants is not required."). This exception does not apply, however, in this case.

Although Ross's amended petition asserts different claims

against the City and Texas-Sterling (federal constitutional claims against the City, and state-law negligence claims against Texas-Sterling), these sets of claims are not "separate and independent." Claims are not separate if they seek relief for a single wrong to the plaintiff. *See Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 104 (5th Cir. 1996) (holding that claims are not separate and independent when "there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions . . . ." (ellipsis in original) (quoting *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 14 (1951))). In addition, claims are not independent if they involve "substantially the same facts." *Id.* (internal quotation marks omitted) (quoting *Addison v. Gulf Coast Contracting Servs.*, 744 F.2d 494, 500 (5th Cir. 1984)).

Here, Ross's claims against the City are neither separate nor independent from the claims against Texas-Sterling. In his claims against both defendants, Ross seeks relief for a single wrong: the damage to his property caused by defendants' trespass. His claims against both defendants also involve a single set of facts. In fact, in the amended petition's fact section, Ross alleges that defendants acted jointly in damaging his property. Because the claims against the City are not "separate and independent" from those against Texas-Sterling, both defendants were required to join the notice of removal.

Nor is the City correct that Texas-Sterling's joinder was

unnecessary because Ross had settled with Texas-Sterling.  Setting aside the fact that the City has not established the existence of an irrevocable settlement agreement between Ross and Texas-Sterling, even if it had, it is undisputed that Texas-Sterling had not reached a final settlement with Ross as of July 8, 2008, when the City filed the notice of removal.

                                III

Although the court concludes that the City's notice of removal is defective, the defect is procedural.  *See In re Shell Oil Co.*, 932 F.2d 1518, 1521 (5th Cir. 1991) (holding that "any defect in removal procedure" includes any non-jurisdictional defect that existed at the time of removal); *Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422, 423 (5th Cir. 1990) ("The failure of all the defendants to join in the removal [notice] is not a jurisdictional defect.").  When a defect in removal is procedural, it is waived unless a timely remand motion is made.  *See* 28 U.S.C. § 1447(c);[1] *In re Shell Oil Co.*, 932 F.2d at 1523.  The defect in the City's notice of removal has been waived in this case because Ross did not file a motion to remand within 30 days of the July 8, 2008 notice of removal.

---

[1] 28 U.S.C. § 1447(c) provides, in relevant part: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."

* * *

Accordingly, because the court has subject matter jurisdiction and the removal defects are procedural and have been waived, the court will exercise jurisdiction over all of the claims[2] and will not remand this case to county court.

**SO ORDERED.**

August 29, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

---

[2]The court has original jurisdiction over the federal claims asserted against the City and, pursuant to 28 U.S.C. § 1367(a), can exercise supplemental jurisdiction over the remaining state-law claims. See 28 U.S.C. § 1367(a).